FRANCIS C. BELCHER, and another, PET'RS FOR PARTITION

*vs.*

HENRY T. KNOWLTON.

Franklin.    Opinion April 6, 1896.

*Mortgage.   Foreclosure.   Judgment.   Execution.*

*R. S., c. 82, § 140; c. 104, § 40.*

In a real action to foreclose a mortgage under the statutes of this State, it is no valid objection to the foreclosure that, after judgment was granted, one of the demandants having died and the first execution not having been used in his life-time, a second execution was issued, under R. S., c. 104, § 40, in the name of the parties as they previously stood in the record, and under which possession was taken of the mortgaged premises.

Executions may be renewed, from time to time, at common law and under acts governing procedure in probably all the States. This general rule applies in such cases of foreclosure; and the power conferred by R. S., c. 82, § 140, is general enough to authorize an alias execution in such proceeding.

ON EXCEPTIONS BY DEFENDANT.

This was a petition for partition.    Plaintiff's title is by virtue of the foreclosure of a mortgage given by Selden Knowlton to Abraham W. F. Belcher and Jason Knowlton.    Defendant owns the title of Jason Knowlton by virtue of the mortgage.    An action upon the mortgage was commenced by A. W. F. Belcher in his life-time and Jason Knowlton, and judgment as on mortgage was rendered at the March term of the Supreme Judicial Court, 1885. After the judgment and before the writ of possession issued, A. W. F. Belcher died, and a writ of possession issued in the name of A. W. F. Belcher and Jason Knowlton the same as though said Belcher was not dead.    On the 31st day of October, 1889, a second writ of possession, issued in the name of said A. W. F. Belcher and Jason Knowlton, without an application to the court for a second writ of possession, as defendant claimed was required by statute.    Defendant has the title of Jason Knowlton to the mortgage and also to an undivided half of the farm.

Defendant claimed that no legal foreclosure has ever been made, and that the second writ of possession was irregularly issued, and that petitioners are not entitled to partition.

The court ruled that the foregoing facts, if true, constituted no defense to this petition for partition; and there being no other ground of defense interposed, the court ordered judgment for partition and that commissioners be appointed to make partition as prayed for. To these rulings the defendant excepted.

*S. Clifford Belcher*, for plaintiffs.

*J. C. Holman*, for defendant.

The only title of the plaintiffs to the land in question is by virtue of a mortgage. The alias writ of possession was not issued for more than three years from the rendition of the judgment, and should have been by scire facias in accordance with R. S., c. 90, § 9.

One of the original plaintiffs in the suit upon the mortgage being dead at the time of the issuing of the writ of possession,—the one upon which plaintiff claims a foreclosure,—if not by scire facias then it should have been issued in conformity to R. S., c. 87, § 21, which was not done in this case; hence the mortgage has never been foreclosed.

Party having only a mortgage title to real estate is not entitled to partition. *Ewer* v. *Hobbs*, 5 Met. I.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, JJ.

PETERS, C. J. Section 40 of chapter 104 of the revised statutes provides as follows: " The writ of possession shall be issued in the name of the original demandant against the original tenant, although either or both are dead; and when executed, it shall inure to the use and benefit of the demandant, or of the person who is then entitled to the premises under him, as if executed in the life-time of the parties."

The case in hand involves the question whether the petitioner is entitled to have partition of certain premises, the title of his por-

tion of which was obtained through a mortgage and the foreclosure of the same. The foreclosure was effected by means of a real action and such subsequent steps as the statute requires to complete the proceeding. After judgment in the real action was granted and before execution was issued thereon one of the demandants died. Notwithstanding such death, however, a writ of possession was taken out in the names of the parties as they previously stood in the record, by virtue of the direction contained in the section of the statute above quoted, and afterwards, the first execution not having been used in its life-time, a second execution was issued, on the application of the petitioner to the clerk, in the same manner as before. The respondent contends that the second or alias execution could not legally be obtained in such way. And this is the only point which the case presents.

We can see no objection to the course pursued by the petitioner in procuring a foreclosure. Executions, in general, are issued upon final judgments as a matter of course. The judgment itself is an order or direction that it be done. By the common law practice and by the acts of procedure in probably all the states, it is permissible to renew such executions from time to time. We do not perceive any difficulty in applying this rule of renewal in such cases as the present any more than in cases generally. If the present case be regarded as special even, still the general rule just as consistently applies, so far as affecting any proceedings of foreclosure. Section 140 of chapter 82, R. S., provides that "an alias or pluries execution may be issued within ten years after the day of the return of the preceding execution, and not afterwards." This is general enough to authorize the alias execution in the proceedings in question here.

There might possibly be exceptions to an adherence to the rule after long delay in taking out a second execution, but no circumstances requiring any such exception appear in the present facts.

*Exceptions overruled.*